## LOUIS MILLER

vs.

## BENJAMIN SLADE, ET AL.

Superior Court　　New Haven County　　File #46798

Present:　Hon. ALLYN L. BROWN, Judge.

William L. Hadden ,　　　Attorney for the Plaintiff.

Pond, Morgan & Morse,　　Attorneys for the Defendant.

## MEMORANDUM FILED JUNE 11, 1935.

BROWN, J.　The complaint sets forth an action for damages for personal injuries alleged sustained by the plaintiff by reason of a fall on a defective stairway of a building in the "control and possession" of the defendants as receivers of a corporation.　The defendants are sued individually and not in their capacity as receivers.

The gist of the demurrer is that:　(1) the defendants are sued individually for injuries sustained on property in their possession as receivers only;　(2) no personal negligence on their part is alleged;　and (3) there are no facts alleged as to plaintiff's presence on said stairway whereby 'a duty upon the defendants to exercise care toward the plaintiff appears.

Counsel are in agreement that the law is that receivers are liable for a tort of this nature only in their official as distinguished from their individual capacity, unless their personal negligence or commission of the wrong appears.　23 R.C.L. 83, §90.　The plaintiff contends that the complaint sufficiently alleges the defendants' personal fault or negligence.　The defendants contend that it does not.　The rule as laid down in the cases seems to call for the actual commission of the wrong by, or the actual knowledge of facts charging with

negligence, on the part of the receiver himself, and to exclude any liability for his agents' conduct only, in order to render him liable individually. Notes: 120 A.S.R. 280, 281; 63 L.R.A. 228 and 235; 7 A.L.R. 414 and cases cited; 14 A.L.R. 371 and cases cited; and II Beven's negligence in law, 3d ed. 1267; I Clark on Receivers 2d ed. 512, §392 (b) and (c), and 515, §392 (b).

In light of these authorities, the mere allegations of "control and possession" of this stairway by the defendants "as receivers", and "control in the defendants" and their negligently permitting it to be in a defective condition, are insufficient to charge them with liability individually.

Since from aught that appears the plaintiff may have been a mere trespasser at the time of her fall, and no facts disclosing any breach of duty toher as such are alleged, the third ground of demurrer is also well taken. The demurrer is sustained on all three grounds therein stated.